
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIC PRESLEY,

        Petitioner-Appellant,

v.

JEFF PREMO, Superintendent,

        Respondent-Appellee.

No.   15-35420

D.C. No. 6:12-cv-02169- PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

Submitted June 8, 2017[**]
Portland, Oregon

Before:    TASHIMA, GOULD, and RAWLINSON, Circuit Judges.

Eric Presley was indicted for his role in separate robberies of the Thatcher

Tavern and the Wilshire Tavern.  Presley moved to sever the charges stemming

from these two robberies.  The state trial judge denied the motion.  Presley then

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

waived his right to a jury trial on the Thatcher Tavern charges, but requested a jury as to the Wilshire Tavern charges.

On the morning the Wilshire Tavern trial was set to begin, Presley requested new counsel, citing a conflict of interest with his current attorney. After a colloquy with Presley, the trial judge denied his request. Shortly thereafter, however, Presley's counsel renewed his request to sever the charges, this time taking issue with statements made by the trial judge during the colloquy. The trial judge reversed his earlier decision and agreed to sever the cases: another judge would hear the Thatcher Tavern case, while he would continue to oversee the Wilshire Tavern trial. A jury convicted Presley on the Wilshire Tavern charges and he pled no contest to two of the Thatcher Tavern charges. Presley was sentenced to 340 months' incarceration. The Oregon Court of Appeals denied Presley's direct appeal and the Oregon Supreme Court denied review.

After unsuccessfully seeking post-conviction relief in Oregon state courts, Presley filed the instant petition pursuant to 28 U.S.C. § 2254. The district court denied Presley's petition. This appeal followed. A Certificate of Appealability was granted on the issue of "whether the trial judge's failure to recuse himself despite the appearance of judicial bias violated [Presley's] due process rights."

Assuming, without deciding, that Presley's § 2254 petition adequately raised a claim of judicial bias and, assuming further, that this claim was not procedurally barred, *see Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (noting that a procedural bar issue need not always be resolved first), we consider the merits of his claim. We have jurisdiction pursuant to 28 U.S.C. § 2253(a) and we affirm.

In his state post-conviction petition, Presley argued he was denied due process when he was not afforded an impartial judge. The Oregon Circuit Court rejected his argument as insufficiently supported by evidence, a decision affirmed on appeal.

Under the Antiterrorism and Effective Death Penalty Act of 1996, where, as here, "a state court has adjudicated a claim on the merits, we may grant relief only if the adjudication of that claim '(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (quoting 28 U.S.C. § 2254(d)).

Presley's judicial bias claim is premised on three purportedly improper statements by the trial judge. The first statement came during a pre-trial settlement

conference, wherein the trial judge asked whether Presley would accept a plea offer of 180 months' incarceration. The second statement came in response to Presley's motion to substitute counsel. Presley sought new counsel because his current attorney had an alleged conflict of interest: engaging in plea negotiations despite Presley's stated preference for proceeding to trial. In denying the motion, the trial judge explained that he had encouraged plea negotiations because the evidence against Presley, including DNA evidence, was relatively strong and that a conviction could result in a life sentence. The third statement came in response to Presley's renewed motion to sever. The trial judge again referenced the DNA evidence, of which he learned from the parties' briefing. Out of an abundance of caution, however, the judge granted Presley's renewed motion to sever.

According to Presley, these statements revealed a biased judge who had made a "fixed, anticipatory judgment" as to his guilt, and who had become "so enmeshed" in the parties' plea negotiations that he was no longer a "neutral arbiter." Presley argued that the presence of a biased judge is a structural error that demands reversal, even absent a showing of prejudice.

Presley's argument fails for two reasons. First, he fails to show how the Oregon Circuit Court's decision was "contrary to" or otherwise "involved an unreasonable application of," a controlling Supreme Court precedent. To be sure,

4

Presley cites for support the Supreme Court's decision in *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). But *Bracy* merely reiterates the broad rule that a biased judge may well give rise to a due process violation. *See id.* at 904–05. And its facts – which involved the bribery of a judge, *id.* at 901–04 – are far afield from those at issue here. The AEDPA standard is a demanding one and Presley's reliance on *Bracy* fails to satisfy it.

Second, we have previously considered – and rejected – an analogous § 2254 petition that raised a claim of judicial bias premised on facts more egregious than those at issue here. In *Crater v. Galaza*, 491 F.3d 1119, 1131 (9th Cir. 2007), petitioner Crater alleged bias where a trial judge: (1) stated that Crater would likely be found guilty; (2) encouraged Crater to accept the government's plea offer because it reflected a "major concession"; (3) explained that he had "already heard all of the witnesses" and knew "everything that happened that night" such that he was "real sure that [Crater was] going to be convicted of all of those robberies . . . [and] of shooting the first robbery victim"; and (4) opined that "[a] jury is not going to like [Crater]" and, therefore, that Crater "will die in prison" should he go to trial. *Id.* at 1130–31. After reviewing the cases in which the Supreme Court had found judicial bias, we affirmed the state court's denial of Crater's claim. *Id.* at 1131–32. Because the statements in *Crater* were more

egregious than those now challenged by Presley, we must reach the same conclusion here.

The district court's denial of Presley's habeas petition is

**AFFIRMED.**



***Presley v. Premo*, Case No. 15-35420**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.